back and forth on it. The defendant, respondent, the general contractor, knew this. He was in the building every day; he was on the third floor inspecting the work. The board in question had been used for the purpose indicated for at least four weeks. The jury might have found that defendant knew of its use. The board was not fastened on either side of the opening; it was movable; on the day of the accident it was eighteen inches from the wall of the building. It was an old board which had been used by plasterers or bricklayers. Decedent, a plumber's helper, was working on the third floor fitting gas pipes, near the open stairway well. Dirt and sand came down through the opening from men working on the floor above, blinding decedent, who called to the men on the upper floor to " cut it out." But they paid no attention to him, so he walked over on the board or plank three or four feet to call to them to stop. The board was rough, with plaster on it, a couple of bent nails; it was just long enough to cross the open well. As decedent walked out on it, it " wobbled." Decedent grabbed on the window sill in the main wall eighteen inches from him, but he lost his balance and fell down in the opening to the cellar, receiving injuries resulting in his death. The learned trial justice dismissed the complaint upon the ground that there was no evidence of negligence on the part of the contractor in supplying such a scaffold for the use of the men; he said the board did not break; it simply sagged with the weight of the laborer using it, and he said there was nothing to show what caused the fall; that he apparently lost his balance; and referring to the claim that a board eight inches wide was unsafe, he said that two planks' width would not have made any difference. I think the question whether this unfastened, wabbling, movable, narrow board furnished for passage over the dangerous opening was constructed and placed so as to give proper protection to the laborer using it, was for the jury, and that the nonsuit should be reversed and a new trial granted.

---

In the Matter of the Application of Pasquale Vioni for Admission to the Bar. (From the State of Connecticut.) — Application granted. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

Brezire Realty Co., Inc., Appellant, v. Grace W. Parks and Another, Respondents.— Motion to dismiss appeal denied on condition that appellant perfect the appeal for the December term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

Empire Trust Company, Respondent, v. Ruth Noyes Heinze and Others, Appellants.— Motion to amend application, and for reargument denied. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

In the Matter of the Application of John F. Dassau for Payment of Award for Parcel No. 24 on the Damage Map, in Proceeding by the City of New York to Acquire Title to Premises on the Northwest Side of Fillmore Avenue, between Coleman and Kimball Streets, in the Borough of Brooklyn, etc.— Applicant directed to submit proofs. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

In the Matter of the Application of Rose Hallen for Payment of Award Made for Parcel No. 63, Block 8484 on the Damage Map and in the Final Decree in the Supreme Court, in Proceedings to Acquire Title by the City of New York

to the Northwest Side of Fillmore Avenue, between Coleman and Kimball Streets, in the Borough of Brooklyn, etc.— Applicant directed to submit proofs. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

In the Matter of the Petition of JOSEPH W. HUESTIS and Others to Obtain a Certain Award in Condemnation Proceedings, etc. In the Matter of Acquiring Title by the CITY OF NEW YORK to Lands on the Easterly Side of Pennsylvania Avenue, between Liberty and Glenmore Avenues, Borough of Brooklyn, for School Purposes, etc.— Motion to confirm report of referee granted. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ. Settle order on notice.

In the Matter of the Application of CHARLES T. MCCARTHY for Reinstatement as an Attorney and Counselor at Law.— The Nassau County Bar Association having petitioned this court to give favorable consideration to the application of the petitioner for reinstatement, said application is granted. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

In the Matter of the Application of WILLIAM H. REYNOLDS, Appellant, for a Prohibitive Order against Hon. JAMES C. CROPSEY, a Justice of the Supreme Court, etc., Respondent.— Motion to resettle order granted. Order signed. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

ROSE M. PALMER and Another, Plaintiffs, v. ROTARY REALTY Co., INC., and Others, Defendants.— Motion for reargument denied. Present — Kelly, P. J., Rich, Jaycox and Young, JJ.; Kapper, J., taking no part.

MINNIE SHIRK, Respondent, v. CHARLES MCKEON, Appellant.— Motion to dismiss appeal granted, with ten dollars costs. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

MARY SIMCOX, as Administratrix, etc., of THOMAS SIMCOX, Deceased, Respondent, v. BROOKLYN EASTERN DISTRICT TERMINAL, Appellant.— The argument of the appeal will await the decision of the pending motion for a new trial. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

LILLIAN TURL, Appellant, v. FLORENCE FELDMAN, Respondent.— Motion to compel defendant to accept notice of appeal granted. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

PRISCILLA K. ARCHIBALD, Respondent, v. ROBERT S. RENISON and Others, Appellants.— Order denying motion for change of venue from Queens county to Nassau county reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that Nassau county is the proper county in which a trial of this action should be had. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

JENNIE BERNEY, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.— Judgment and order denying motion for new trial unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

THE CITY OF NEW YORK, Respondent, v. ROSE VAN TASSEL, Appellant.— Judgment reversed on the law and a new trial granted, costs to abide the event, on the ground that the trial court committed reversible error in directing a verdict for the plaintiff before all the evidence in the case had been adduced and both sides had rested. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

J. STERLING DRAKE, Respondent, v. COASTWISE LUMBER AND SUPPLY COMPANY,